# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **TERRANCE MCCARTER,**               Petitioner,         v.    **UNITED STATES OF AMERICA,**               Defendant. | No. 06 C 6332 |

## MEMORANDUM OPINION AND ORDER

Petitioner Terrance McCarter was convicted of one count of attempted robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to 188 months in prison for each count, to be served concurrently. He has filed a petition pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

I.

The facts of this case have already been examined by the Seventh Circuit in *United States v. McCarter*, 406 F.3d 460, 461-62 (7th Cir. 2005) (overruled in part by *United States v. Parker*, -- F.3d –, 2007 WL 4124672, at *5-6 (7th Cir. Nov. 21, 2007)). Petitioner was found guilty of forcing Claudia Cahill, at gunpoint, to get in her car with him and drive to an automatic teller machine in order to withdraw money. As she began to drive out of the

garage in which her car was parked, Cahill saw some bystanders and cried out for help. Petitioner then jumped out of the car, pointed his gun at the bystanders and then ran away. Although petitioner wore a mask during this incident, he left his fingerprint on the car window. McCarter's petition alleges ineffective assistance of counsel, a violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and challenges the sufficiency of the evidence against him.

II.

A.  Ineffective Assistance of Counsel

Ineffective assistance of trial counsel may properly be raised in a § 2255 motion regardless of whether the issue was raised on direct appeal, as long as the petitioner presents extrinsic evidence in support of his motion. *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir. 1996) (citations omitted). To prevail, McCarter must show that (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced him with regard to the outcome of the trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

McCarter first alleges that his trial counsel was ineffective because he did not call him to testify at trial, although McCarter specifically requested to do so. McCarter claims he would have testified as to his whereabouts on the day of the crime, which would have shown he was at work in a "different suburb while the crime was taking place." (Pet. Reply at 2.) Although petitioner

2

initially complained that the court failed to ask him if he wanted to take the stand – which is contradicted by the transcripts – in his reply brief he suggests that his counsel tricked him into waiving his right to testify in open court.

Petitioner's claim fails for two reasons. First, the court specifically advised him of his right to testify, which defendant proceeded to waive in open court. *See* 12/17/03 Tr. at 266-67. There is no indication on the record that McCarter was "tricked" or "distracted" by counsel at the time he answered "yes" in response to the court's inquiry about his intention to testify. Second, even assuming this was the case, petitioner cannot show prejudice under *Strickland*. McCarter's purported testimony would have been contradicted by the physical evidence: the fingerprint on the victim's car. The Seventh Circuit specifically found this was enough to sustain his conviction. *McCarter*, 406 F.3d at 465 (citing *United States v. Bush*, 749 F.2d 1227, 1229-30 (7th Cir. 1984)) (further citations omitted). Accordingly, this claim fails.

Petitioner's reply brief also generally alludes to unidentified alibi witnesses which his counsel failed to call. However, McCarter fails to list any of them, even though he claims to have informed his counsel who they were. In the absence of more specific allegations or any other extrinsic evidence, this claim also fails.

Finally, petitioner's reply brief also seems to suggest that he is claiming his counsel was also ineffective on appeal and on remand because the Seventh Circuit suggested his conviction under Hobbs Act should have been vacated and his counsel failed to have it vacated on remand. First, this is a mischaracterization of the Seventh Circuit's decision. In fact, the Seventh Circuit found that it was not plain error for the trial court to impose concurrent prison sentences on each count or two separate $100 special assessment fees. *McCarter*, 406 F.3d at 464-65. However, pursuant to *United States v. Paladino*, 401 F.3d 471, 483-85 (7th Cir. 2005), the Seventh Circuit issued a limited remand and stated that "[s]hould the district judge decide to resentence the defendant, she should take the opportunity to vacate his Hobbs Act conviction. But if she decides not to resentence him, that conviction too will stand, because as we said the error was not plain." *McCarter*, 406 F.3d at 465. After re-examining the presentence report and memoranda filed by the both the government and the defense, the trial court declined to resentence petitioner. (*See United States v. McCarter*, No. 03 CR 835, Doc. Entry # 69, July 26, 2005 Minute Order.) Therefore, consistent with the Seventh Circuit's decision, McCarter's Hobbs Act conviction was not vacated.

Petitioner's counsel did submit a legal memorandum arguing for resentencing. This did not mention the issue of vacating his

4

conviction under the Hobbs Act, but did advocate for a full resentencing hearing. In light of this court's decision not to resentence petitioner, there is nothing his counsel could have done, consistent with the Seventh Circuit's decision, to vacate petitioner's conviction under the Hobbs Act. Although the Seventh Circuit has recently overruled *McCarter* in *Parker*, finding that the imposition of "a multiplicitous concurrent sentences and an additional $100 special assessment" is serious enough to constitute plain error, 2007 WL 4124672, at *5-6, this was not the law at the time of counsel's representation. Therefore, at the time of McCarter's representation, counsel did not have a basis on which to vacate the Hobbs Act conviction. *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."); *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law."); *Zambonino v. United States*, No. 03 C 4676, 2006 WL 2861957, at *2 (N.D. Ill. 2006) (Coar, J.) (same). Accordingly, this claim also fails.

B. Sufficiency of the Evidence

The Seventh Circuit has already rejected McCarter's argument that there is insufficient evidence to sustain his conviction.

*McCarter*, 406 F.3d at 462-63. Petitioner does not argue any change in the law or other circumstances to warrant a reexamination of the Seventh Circuit's decision. *See, e.g., Olmstead v. United States*, 55 F.3d 316, 318-19 (7th Cir. 1995) (quoting *Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994)) ("A section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal") (alterations omitted). Accordingly, this claim fails.

### C. Failure to Disclose Exculpatory Evidence

In his reply brief, petitioner claims that the government failed to disclose that the original fingerprint lifts were lost or destroyed and that is why the government obtained a court-order to force him to give "incrimina[]ting material if cho[]sen by the U.S. Prosecutor to use to scapegoat the real Original fingerprint lifts to convict an innocent man." (Pet. Reply at 3.) Petitioner appears to be arguing that the government obtained an order to force him to provide his fingerprints, which the government then substituted as the original fingerprint lifts and used against him in court. However, the docket sheet in McCarter's case does not corroborate petitioner's allegation that he was court-ordered to provide his fingerprints – indeed, no such order exists. Accordingly, his claim fails.

III.

For the foregoing reasons, McCarter's petition is denied.

**ENTER ORDER:**

_Elaine E. Bucklo_
United States District Judge

Dated: December 21, 2007